Caldwell, J.
This case comes before us on demurrer to the bill, consequently the question to be decided is, simply, whether the facts alleged in the bill would, if true, entitle the party complaining to relief in equity.
*451 In support of the demurrer, it is contended that the bill shows that a large amount of money was due on this mortgage, of principal and legal interest, at the time the decree of foreclosure was rendered, and that no tender being alleged the bill is demurrable. If the bill was filed merely for the purpose of deducting the usurious interest, this objection would be well taken. Indeed, if usury were the only objection tc the decree, it would be too late for the party to have even that rectified. The defense, to so much of the claim as might be usurious, could have been made in the former proceedings, and if the party either failed in proving it or neglected to make it, his right to assert it is now gone.
The bill, however, in this case, stands on much higher ground. If, as the bill alleges in this case, the complainant was, for a fraudulent purpose, confined in the lunatic asylum, and whilst thus situated, unable to defend his rights, Mitchell and Crawford, taking advantage of his helpless situation, commenced proceedings on a claim that was not due, with a fraudulent intent, and afterward, by fraud and deception, induced his attorneys to dismiss the proceedings, which were pending in New York, and which enjoined them from proceeding on their claim, knowing, a-t the same time, that those attorneys had no right to do so, and then took a decree for an amount much larger than was actually due, on which complainant’s property was sacrificed, it would present a case of unmitigated fraud, attended with great injury to the person on whom it was committed ; a fraud on the court rendering the decree, as well as on the complainant.
A decree or judgment receives its force from the fact, that it is the decision of a competent tribunal, before which both the parties have had an opportunity of appearing and prosecuting their claims, and having them fairly adjudicated. When this is prevented by the fraud or circumvention of one of the parties, without the fault or negligence of the other, the decree or judgment of the court .cease? to have its binding effect, and it is competent for the party injured to resort to a court of chan eery to obtain relief.
*452 The complainant has presented, as we think, a case that entitles him to relief by original bill; the demurrer will, therefore, be overruled.